## Richmond

### Jackie Lee McNeill v. Commonwealth of Virginia.

September 1, 1972.

Record No. 7973.

Present, Snead, C.J., l'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*John N. McCune; Edward F. Greco* (*Phillips & Greco,* on brief), for plaintiff in error.

*James E. Kulp, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

In this case, narcotics were seized from the automobile of the defendant, Jackie Lee McNeill, pursuant to a search warrant based upon an affidavit made by a police officer. On the strength of the narcotics so seized, the defendant was convicted of possession of marijuana with intent to distribute, and his punishment was fixed at two years in the penitentiary. He attacks his conviction upon the ground that the affidavit was insufficient under the Supreme Court

decisions of *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *United States*, 393 U.S. 410 (1969), to support issuance of the search warrant.

The affidavit was worded, in pertinent part, as follows:

"(1) The offense in relation to which search is to be made is substantially as follows: Unlawful possession of marijuana, hashish or other controlled drugs

"(2) The material facts constituting probable cause for issuance of the warrant are on June 23, 1971 and [*sic*] individual came to me at the police department and advised that a subject had just tried to sell him and three (3) others some dope, he gave the description of automobile and licence number and said it was at the Pizzarena. I went to the Pizzarena and the individual was there and in talking with him he stated he was a retired fireman from Washington, D.C. My informer has proven to be reliable and is willing to testify in court.

"(3) The articles to be searched for under the warrant are: Marijuana, hashish or other controlled drugs

"(4) The house, place, vehicle or baggage to be searched is described as follows: a 1968 Oldsmobile coupe, Maryland lic. number GE2893. . . .0207033. . . .364878E143056, this is listed to Jackie Lee McNeill, 7935 Pennsylvania Avenue, 101 Suitland, PG, Maryland."

In *Manley* v. *Commonwealth*, 211 Va. 146, 150, 176 S.E.2d 309, 312-13 (1970), we delineated the tests laid down in *Aguilar* and *Spinelli* as follows:

"(1) [T]he affidavit must describe some of the underlying circumstances necessary to enable a neutral and detached magistrate to judge the validity of the informant's conclusion that the narcotics were where he claimed they were; and (2) the affidavit must describe some of the underlying circumstances from which such magistrate can determine that the affiant officer's unnamed informant, whose identity need not be disclosed, was 'credible' *or* his information 'reliable.' "

In the trial court, when the defendant's motion to suppress was heard, defense counsel conceded that the affidavit was "not deficient" under the first test set forth above except that there was no allega-

tion that "the narcotics were in the automobile." In other words, counsel conceded that the affidavit was sufficient to show that the defendant was engaged in illegal drug activity, but was not sufficient to establish "where the narcotics were."

It is true that there was no direct statement in the affidavit that the suspected drugs were in the automobile which was sought to be searched. But when the four corners of the affidavit are examined in "a commonsense and realistic fashion," *United States* v. *Ventresca*, 380 U.S. 102, 108 (1965), we find that it did inform the magistrate that the suspect had *just* tried to sell drugs to four persons; that the suspected individual was a non-resident with an automobile which was then located at a restaurant where he was also present; that drugs were the articles to be searched for; and that the thing to be searched was an automobile which was specifically described. From all this, the magistrate was, in our opinion, reasonably justified in concluding that the automobile probably contained drugs, and that was all that was required.

The crucial question concerning the affidavit is whether the second test of *Aguilar* and *Spinelli* was met, *i.e.*, whether the affidavit sufficiently established the credibility of the informant. Our recent decision in *Guzewicz* v. *Commonwealth*, 212 Va. 730, 187 S.E.2d 144 (1972), helps supply the answer. There, the affidavit for a search warrant was made by a police officer based upon a tip from a *citizen informer*. We said that in such a situation "we will not apply to citizen informers the same standard of reliability as is applicable when police act on tips from professional informers or those who seek immunity for themselves." 212 Va. at 735, 187 S.E.2d at 148. Accordingly, we held that the credibility of the citizen informer was established by the statement of the police officer that he had known the informer and her family for many years and knew her "to be reliable."

Here, the police officer stated in his affidavit that his informer has "proven to be reliable." It would have been better, of course, if the affidavit had gone further and stated how the informer had proved his reliability. But there was added to the statement concerning reliability a most unusual allegation, one we have not seen in all the search warrant cases we have examined. That allegation was that the informer was "willing to testify in court."

This added allegation served two purposes. First, it established that the informer was an ordinary citizen discharging his public duty

to assist the police, rather than a paid informer or one seeking favor for himself. Second, it gave weight to the statement about the proven reliability of the informer and entitled the magistrate to credit his story.

It is true, as the defendant argues, that the allegation that the informer was "willing to testify in court" did not bind him to testify. But the average citizen knows that when he does appear in court he must take an oath to tell the truth, he faces a charge of perjury for testifying falsely, and he may be confronted with prior inconsistent statements when cross-examined. With this beforehand knowledge, when one expresses a willingness to testify in court and stand by what he has told the police, an aura of credibility is added to his story which establishes its probability.

We hold that the affidavit in this case was constitutionally sufficient. Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*