318 So.2d 25 (1975)
STATE of Louisiana
v.
Wendell MARTIN.
No. 56210.
Supreme Court of Louisiana.
September 5, 1975.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Ronald *26 L. Monroe, Asst. Dist. Attys., for plaintiff-relator.
James J. Gleason, III, Russell L. Breckenridge, New Orleans, for defendant-respondent.
SANDERS, Chief Justice.
The state charged the defendant, Wendell Martin, with procuring, receiving, and concealing property worth $2,000.00 stolen from Helpern's Fashion Bar. LSA-R.S. 14:69. Defense counsel filed a motion to suppress the evidence, consisting of ten fur coats and a fur hat, on the ground that the affidavit was insufficient to establish probable cause for the issuance of the search warrant. After a hearing on the motion, the trial court granted defense counsel's motion to suppress the evidence. On application of the State, we granted supervisory writs to review the ruling. See 312 So.2d 871 (1975).
The search warrant at issue was signed by Judge Rudolph Becker, Jr., based on the affidavit which reads:
"On 9-9-74 at approximately 5:30 PM, Dets. Richard Hosselle and John O'Brien met with a confidential informant whose information has resulted in arrests and convictions in the past. The informant told officers that he had attended a party on 9-8-74 at 3014 ½ Paris Ave., the residence of a negro female known to him as Lurine Taylor. The informant further stated that he arrived in the company of a negro female. He also stated that he arrived at about 8:00 PM and stayed to well after 2:00 AM. The informant further stated that most of the subjects at the party were smoking marijuana. When asked by Officers if he (the informant) had smoked any marijuana at the party and he replied yes. The informant stated that after everyone was `pretty high' that Lurine Taylor approached him and asked him if he was interested in buying a fur coat for `his Lady'. The informant replied yes and was taken to a bedroom where a large assortment of fur coats were on a bed. He stated that the coats were of different design and colors, but all appeared to be new and all were ladies. The informant stated that Lurine Taylor stated that some coats were $50.00 and some were $75.00. The informant stated that he purchased one coat for $50.00 and gave it to his date. The informant stated there were several other subjects in the room looking at the coats but he did [not] know if anyone else bought any. The informant also stated that Lurine Taylor asked him if he was interested in any TVs either color or black and white or stereo equipment that she could get them for him at `a greatly reduced price'. She also stated to the informant that they would be new and in cartons. Dets.
Hosselle and O'Brien checked with the Urban Squad who covers the location of The Fashion Bar, and they stated that The Fashion Bar was burglarized on 9-5-74 and at this time over $7,000.00 worth of coats were taken."
After its issuance, the police executed the search warrant and seized ten ladies coats and one ladies hat.
The sole issue is whether the affidavit is adequate to support the issuance of a search warrant. Defendant contends that the affidavit does not contain an adequate factual basis for finding both the informant and the information reliable.
In State v. Paciera, 290 So.2d 681 (1974), we reviewed the United States Supreme Court decisions dealing with this issue: United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); Spinelli v. United States, 393 U.S. 410, 89 S. *27 Ct. 584, 21 L.Ed.2d 637 (1969); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1964); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).
In Paciera, we concluded:
"If we can deduce a rule from these cases, it is this: The affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an unidentified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the credibility of the information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and of the indirectly-obtained information."
The present affidavit shows that the informant had furnished accurate reports in the past. It also describes in detail the informant's visit to the residence and his personal observations while there, including the activities of the persons present, the presence of the coats, and their offer for sale. Finally, the affidavit reflects that the detectives investigated and found that The Fashion Bar, located near the residence, had been burglarized five days before the informant visited the residence. In our opinion, the affidavit contains sufficient facts from which the magistrate might find reliable both the informant and the information supplied by him. In view of this conclusion, no further investigative corroboration was required. State v. Humble, La., 309 So.2d 138 (1975); State v. Boudreaux, La., 304 So.2d 343 (1974); State v. Paciera, La., supra; Spinelli v. United States, supra.
For the reasons assigned, the ruling of the district court suppressing the evidence is reversed, and the case is remanded to the Criminal District Court for the Parish of Orleans for further proceedings according to law and consistent with the views herein expressed.