344 So.2d 357 (1976)
STATE of Louisiana
v.
Alejandro MENA et al.
No. 57653.
Supreme Court of Louisiana.
September 13, 1976.
Dissenting Opinion April 6, 1977.
Daniel J. Caruso, Alford & Caruso, New Orleans, for defendants-respondents.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., George S. Ingalls, Jr., Asst. Dist. Atty., for plaintiff-relator.
MARCUS, Justice.
Alejandro G. Mena, Jose G. Mena, and Gustave S. Mena were charged by bill of information with possession with intent to distribute marijuana. La.R.S. 40:966(A)(1); La.R.S. 40:964(C)(10). Defendants filed a motion to suppress the marijuana seized, which the trial judge, following a hearing on the motion, sustained. We granted the state's application for certiorari.
On June 17, 1975, Detective Emmett Dupas of the New Orleans Police Department executed a sworn application for a warrant to search the residence of defendant Jose Mena. His affidavit recites in pertinent part as follows:
THE reasons and facts for the request of this search warrant are:
On 6-17-75 at about 4:17 AM Dets. Brian Girod and Anthony Kirsch of the St. Bernard PD arrested one Jimmy B. Samson with the possession of one pound of Marijuana. After being advised of his rights Samson showed the Dets. from St. Bernard the house that he bought the Marijuana from at 5:00 AM and at this time pointed out the doorway of 4302 S. Carrolton (sic) and stated that the subject by the name of Jose had sold the marijuana for the sum of $130.00. Det. Dupas checked and learned that a subject by the name of Jose Mena resided at this address NOPD B of I # 179-187. Jimmy Samson was shown this photo and he stated that this was the same subject that he purchased the marijuana from and also that at the time he bought the marijuana he observed numerous other packages *358 similar to the one that he purchased containing marijuana in the house.
A search warrant issued on June 17, 1975 for the search of Jose Mena's residence. Detective Dupas executed the warrant the same day and seized twenty-three pounds of marijuana pursuant to his search of the premises.
The principal ground of defendants' motion to suppress the marijuana seized as a result of this search is that Detective Dupas' affidavit failed to make a showing that his informant was reliable, and, thus, did not establish probable cause for issuance of a search warrant.
A search warrant may issue only upon probable cause, established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. La.Code Crim.P. art. 162. See also U.S. amend. 4; La.Const. art. I, § 5 (1974). In State v. Paciera, 290 So.2d 681, 685 (La. 1974), we stated the rule as follows:
. . . The affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an un identified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the creditability of the Information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and of the indirectly-obtained information.
Accord, State v. Martin, 318 So.2d 25 (La. 1975).
In our opinion, the facts recited in the affidavit clearly provide an adequate basis upon which the issuing magistrate could conclude that the informant was credible and his information reliable. The reliability of the information reported is sufficiently established by the informant's direct personal observation and actual participation in the sale of marijuana. As the affidavit discloses, the informant, Jimmy Samson, had been arrested for possession of marijuana. He told officers that a person named "Jose" had sold him the marijuana and lived at a specified address. The credibility of the informant is established by two factors. First, the informant's report that Jose lived at the specified address was corroborated by the affiant's independent investigation. Second, the informant's admissions, included in the affidavit, that he purchased marijuana from defendant Jose Mena, as well as his photographic identification of Jose Mena, constituted declarations against penal interest because they supplied evidence against him of guilty knowledge, an essential element of the crime of the possession of a controlled dangerous substance. State v. Knight, 298 So.2d 726 (La.1974) and cases cited therein. In United States v. Harris, 403 U.S. 573, 583, 91 S.Ct. 2075, 2082, 29 L.Ed.2d 723 (1971), the United States Supreme Court stated that declarations against penal interest provide a strong reason for crediting an informant's tip:
. . . People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibilitysufficient at least to support a finding of probable cause to search.

(Emphasis added.)
We find no merit in defendants' contention that the affidavit did not establish the informant's credibility because it did not make a showing that he had supplied accurate criminal reports in the past. A prior record of accurate criminal reports is an important factor in establishing the credibility of an un identified informant. State v. Paciera, supra. However, common sense, which must guide magistrates and *359 courts in testing search warrants,[1] suggests that the importance of this factor is necessarily diminished where, as here, the informant is named in the affidavit. We think the facts recited in the affidavit indicate the informant's credibility just as strongly as would any allegations in the affidavit that the informant had previously given correct reports of criminal activity.
Accordingly, we conclude that the trial judge erred in sustaining the motion to suppress the evidence.

DECREE
For the reasons assigned, the ruling of the trial judge sustained the motion to suppress the evidence is reversed, and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
The heavy responsibility of a criminal appellate court to declare a search warrant invalid despite the fact that evidence of a crime was obtained in a search conducted under the warrant is widely misunderstood. Nevertheless, the constitutions of our nation and state impose this duty upon the judiciary if the warrant never should have been issued because the affidavit presented to the magistrate failed to disclose probable cause for a search. United States Constitution, Amendment IV; Louisiana Constitution Article I, § 5 (1974). Otherwise, the requirement that no warrant shall issue without probable cause supported by oath or affirmation would have little meaning and no effect in protecting citizens against unreasonable searches, seizures or invasions of privacy.
Therefore, it is clear that we should not have affirmed the conviction in this case if the evidence upon which it was based was obtained through an affidavit which failed to establish probable cause. An affidavit which does not reflect the direct personal observations of the affiant must inform the issuing magistrate of some of the underlying circumstances from which the informant concluded that the evidence was where he claimed it was, and some of the underlying circumstances from which the officer concluded that the informant was "credible" or his information "reliable." Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The affidavit in the instant case set forth adequate circumstances from which the issuing magistrate could have concluded the informant had been in a position to observe the evidence at the place where he said it was located. However, in my opinion, it did not give the magistrate any underlying circumstances from which the officer could have reasonably concluded the informant was "credible" or his information "reliable."
The linch-pin in the majority's finding that the informant's story was reliable was his declaration against penal interest contained therein. However, I do not think that this factor can legitimately be considered an indicia of reliability in this case, and without it the other facts do not provide a reasonable basis for the majority's conclusion.
Jimmy Samson, the informant, was placed under arrest, having in his possession one pound of marijuana. He told the arresting officers "Jose" sold it to him, and pointed out Jose's residence to them. He also identified a photograph of Jose. The fact that independent police investigation revealed that Jose Mena lived at the residence does not, in my view, lend credibility to Samson's assertion that Jose sold him the marijuana. All it really shows is that Samson knew that a person named Jose lived at that particular residence. That Samson could identify a photograph of Jose Mena likewise shows only that he knew that Mena looked like. Samson could just as easily have given the officers the name and address of any person known by him to be living at a particular address.
I doubt that Samson understood his statement to be against his penal interest. If *360 Samson was aware that the State could use his statement to prove his guilty knowledge in a prosecution for possession of marijuana it was a detail he in all likelihood considered insignificant under the circumstances. He had been caught red handed, and reason suggests Samson's statement to the officers that Jose sold him the marijuana was given in an attempt to gain favorable treatment.
The fact that the United States Supreme Court, in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), validated a warrant issued on the basis of an affidavit relating an informant's declaration against penal interest does not mean that every technical declaration against penal interest supports the credibility of an informant. The majority opinion in Harris expressly recognizes this fact in language following the language quoted by the majority opinion in this case. The Supreme Court cautioned, "* * * [c]oncededly, admissions of crime do not always lend credibility to contemporaneous or later accusations of another. * * *" 403 U.S. at 584, 91 S.Ct. at 2082, 29 L.Ed.2d at 734. Further illuminating are observations made by Mr. Justice Harlan in his dissenting opinion in Harris, an opinion in which three other justices joined:
"* * * [W]here the declarant is also a police informant it seems at least as plausible to assume, without further enlightenment either as to the Government's general practice or as to the particular facts of this case, that the declarant-confidant at least believed he would receive absolution from prosecution for his confessed crime in return for his statement. (This, of course, would not be an objection where the declarant is not also the informant. See Spinelli v. United States, supra, 393 U.S. 410 at 425, 89 S.Ct. 584 at 593-594, 21 L.Ed.2d 637 (White, J., concurring).) Thus, some showing that the informant did not possess illusions of immunity might well be essential." 403 U.S. at 595, 91 S.Ct. at 2087, 29 L.Ed.2d at 740.
I do not find the affidavit sufficient to justify the conclusion that the informant was credible or his information reliable; the search warrant was issued without cause supported by oath or affirmation.
For the reasons assigned, I respectfully dissent.
NOTES
[1] United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).