371 So.2d 1314 (1979)
STATE of Louisiana
v.
Maurice WELSH and Sandra Smith.
No. 62907.
Supreme Court of Louisiana.
March 5, 1979.
Rehearing Denied April 9, 1979.[*]
Dissenting Opinion June 26, 1979.
William Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Sheila C. Myers, Asst. Dist. Atty., for plaintiff-relator.
George C. Ehmig, Mark N. Caracci, Gretna, for defendants-respondents.
BLANCHE, Justice.[**]
Respondents-defendants, Maurice Welsh, Jr., and Sandra Smith were arrested and charged with six counts of possession of controlled dangerous substances in violation of LSA-R.S. 40:966. (Defendants were charged with possession of LSD, ethchlorrynol, methylphenidate, amphetamines, diethylproprion and diazepam.) Counsel for defendants filed a motion to suppress evidence seized from defendants' apartment on the grounds that no probable cause existed *1315 for the issuance of the warrant. The district court sustained the motion without assigning written reasons. Upon application by the State, this Court granted a writ of certiorari to consider the ruling of the trial court. 362 So.2d 1388 (La.1978).
At 1:00 A.M. on February 17, 1978, Rebecca Lodice visited an apartment shared by Maurice Welsh, an officer with the New Orleans Police Department, and Sandra Smith, both defendants herein. While at the apartment, she smoked a marijuana cigarette given to her by Smith. Ms. Lodice observed that the marijuana came from a container on the coffee table in the apartment. Other drugs were also offered Ms. Lodice, one of which was identified to her as "acid."
Ms. Lodice reported this incident to another officer in the district where Welsh was assigned. She was advised that she should report the occurrence to the members of the Internal Affairs Division of the New Orleans Police Department, which she did on February 21, 1978.
Upon receiving the information provided from Ms. Lodice, Agents John Johnson and John Dupre sought and obtained a search warrant based upon their affidavit which reads as follows:
"Miss. Rebecca Lodice, W/F, 20 years, appeared in the office of the Internal Affairs Division of the New Orleans Police Department, located at 715 So. Broad Avenue, Room 519 on Tuesday, February 21, 1978 and reported the following:
"1. That she was invited to . . . 511 Esplanade Avenue Apartment `E' on Friday, February 17, 1978 by Maurice Welsh and Sandy Smith.
"2. She arrived at that location at approximately 1:00 A.M. on the date of Friday, February 17, 1978 and was admitted into the apartment by Maurice Welsh and Sandy Smith.
"3. Between the hours of 1:00 A.M. and 4:00 A.M. on this date, Friday, February 17, 1978, she was offered and she accepted a marijuana cigarette given to her by Sandy Smith in the presence of Maurice Welsh. She consumed approximately one half of this cigarette in the presence of Maurice Welsh and Sandy Smith. It is noted that Rebecca Lodice is familiar with marijuana, therefore is sure this was a marijuana cigarette she smoked.
"4. Rebecca Lodice observed that this marijuana did not come off the person's [sic] of Sandy Smith and Maurice Welsh but came out of a container located on a coffee table within the apartment.
"5. Soon there after [sic] Sandy Smith went into the kitchen of the stated apartment and returned with several red capsules and several white capsules which she identified to Miss. Lodice as being narcotic drugs and asked her (Miss. Lodice) if she wanted one. Miss. Lodice refused to take any of these drugs.
"6. Miss. Lodice also stated that while she was seated on the couch in the apartment, Maurice Welsh, displayed to her a piece of tape having five, small, pink dots affixed to it and Maurice Welsh told her (Miss. Lodice) the dots were, `Acid'. The undersigned agent and Miss. Lodice are familiar with drug terms and know that the term `Acid' is used to denote L.S.D.
"7. Miss. Lodice stated the apartment in question belongs to Sandy Smith, however, Maurice Welsh lives at the apartment with her.
"8. On Tuesday, February 21, 1978 Miss. Lodice accompined [sic] the undersigned agent to ... 511 Esplanade Avenue and pointed out to the agent Apartment `E', stating this was the apartment she was present in on Friday, February 17, 1978 when this illegal activity involving narcotics took place. The undersigned agent observed the address of... 511 Esplanade Avenue Apartment `E' to be within the confines of Orleans Parish. Miss Lodice pointed out a 1974 Dodge Dart, two door, color gold, with a trailer hitch, bearing 1977 Louisiana license # 309B546 which she positively identified as belonging to Maurice Welsh. A later check of the license with the State revealed it was registered to Maurice Welsh. This vehicle was observed parked in the parking lot of the apartment complex located at. . . 511 Esplanade Avenue.
"9. Miss. Lodice is available and ready to testify in Criminal District Court against these two subjects, Maurice Welsh and Sandy Smith.
"10. For the reasons stated above, the undersigned agents believes [sic] that there is probable cause to believe that illegal narctoic [sic] activity is taking place at ... 511 Esplanade Avenue Apartment `E', and respectfully request that this search warrant be granted."
The defense challenged the warrant on three basic grounds:

*1316 (1) There was nothing contained in the affidavit attesting to the credibility of the informant or the reliability of the information furnished by her.
(2) The information supplied by the informant was "stale" since five days had elapsed between the time the informant made her alleged observations and the time the search warrant was executed.
(3) The warrant was materially altered prior to its execution without judicial authority.
Since the trial judge has not favored us with written reasons which would reflect the basis for his sustaining the motion to suppress, we will examine all three grounds advanced by the defense which they claim required the district court to find the warrant invalid.

CREDIBILITY OF THE INFORMER
A search warrant may only be issued on the basis of probable cause. This Court has repeatedly held that "probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been committed." State v. Richards, 357 So.2d 1128, 1130 (La.1978); State v. Smith, 350 So.2d 1178 (La.1977).
If an essential element in establishing probable cause required by Article 162 of the Louisiana Code of Criminal Procedure is hearsay information, then the magistrate must follow the "two-pronged" test set forth in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), in determining whether or not probable cause existed. The two requirements of the Aguilar test are: (1) the affiant must state the basis for his belief that the information is trustworthy, and (2) the affidavit must also state the underlying circumstances which show that the informant was in a position to observe facts as reported.
Thus, under Aguilar, the affidavit must demonstrate that the informant is credible and that the information is reliable, i.e., that the informant was in a position to know what he or she reported.
There is no question in this case that the second requirement is met since the affidavit reflects that Ms. Lodice's knowledge of the existence and location of the drugs was based upon her own personal observation. In a similar case, this Court held:
"The reliability of the information reported is sufficiently established by the informant's direct personal observation and actual participation in the sale of marijuana." (State v. Mena, 344 So.2d 357, 358 [La.1976])
While defendants' claim that the affidavit does not sufficiently establish the credibility of the informant presents a more interesting question, it is also without merit. Relator urges this Court to hold that where the informant is named in the affidavit, the first requirement of Aguilar v. Texas does not apply. However, we find it unnecessary to decide this question since we hold the affidavit sets forth sufficient facts to establish the credibility of the informant under this Court's recent decision in State v. Mena, supra.
In Mena, the affidavit set forth the following facts: The police arrested Jimmy Samson and found him in possession of one pound of marijuana. Samson told the police he had bought the substance from a man named "Jose" and showed the police the residence where the purchase was made. Police investigation revealed that Jose Mena resided at the apartment pointed out by Samson. Samson also identified Mena from a picture shown to him by police as the man who sold him the marijuana. In addition, Samson told police that he had seen numerous other packages like the one he had purchased at Mena's residence when he was there.
In Mena, we held that the affidavit satisfied the first prong of the Aguilar test:
"The credibility of the informant is established by two factors. First, the informant's report that Jose lived at the specified address was corroborated by the affiant's independent investigation. Second, the informant's admissions, included in the affidavit, that he purchased marijuana from defendant Jose Mena, as well as his photographic identification of Jose Mena, constituted declarations against penal interest because they supplied evidence against him of guilty knowledge, an essential element of the crime of the possession of a controlled dangerous substance. State v. Knight, 298 So.2d 726 (La.1974) and cases cited *1317 therein." (State v. Mena, 344 So.2d at 358)
Two of the three elements which existed in Mena to demonstrate the credibility of the known informant are present in the instant case, plus an additional element which we feel is even more valuable than the photographic identification in Mena.
First, Ms. Lodice's statement that she participated in smoking marijuana with the defendants constituted a declaration against penal interest. The United States Supreme court in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), a case involving a confidential informant who had made inculpatory statements to police upon which a search warrant was based, reasoned:
"Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibilitysufficient at least to support a finding of probable cause to search." (403 U.S. at 583, 91 S.Ct. at 2082)
We believe the informant's credibility was enhanced by her admission to having participated in the smoking of marijuana at the defendants' apartment.
Second, as in Mena, the informant's statements were partly corroborated by independent investigation by the police. Investigation established that a car located in front of the apartment where the alleged activities occurred, and which Ms. Lodice identified as belonging to the defendant Welsh, was, in fact, registered to Welsh. The fact that part of her story was true tended to make her other allegations more credible.
The third factor which tends to establish the credibility of the informant is the fact that the affidavit stated that the informant "is available and ready to testify in Criminal District Court against these two subjects, Maurice Welsh and Sandy Smith."
This Court has never before addressed this point. The Supreme Court of Virginia in McNeill v. Commonwealth, 213 Va. 200, 191 S.E.2d 1 (1972), rendered this perceptive analysis when faced with similar language in an affidavit seeking a search warrant:
"[T]here was added to the statement concerning reliability a most unusual allegation, one we have not seen in all the search warrant cases we have examined. That allegation was that the informer was `willing to testify in court.'
"This added allegation served two purposes. First, it established that the informer was an ordinary citizen discharging his public duty to assist the police, rather than a paid informer or one seeking favor for himself. Second, it gave weight to the statement about the proven reliability of the informer and entitled the magistrate to credit his story.
"It is true, as the defendant argues, that the allegation that the informer was `willing to testify in court' did not bind him to testify. But the average citizen knows that when he does appear in court he must take an oath to tell the truth, he faces a charge of perjury for testifying falsely, and he may be confronted with prior inconsistent statements when cross-examined. With this beforehand knowledge, when one expresses a willingness to testify in court and stand by what he has told the police, an aura of credibility is added to his story which establishes its probability." (191 S.E.2d at 3)
We find the above reasoning transcends state jurisdictional lines and adopt it as our own.
We conclude, therefore, that the affidavit more than adequately established the credibility of the informant. In doing so, we are mindful that common sense must guide magistrates and courts in testing search warrants, State v. Mena, supra at 358, and that "[a] policeman's affidavit `should not be judged as an entry in an essay contest' . . . but, rather, must be judged by the facts it contains," United States v. Harris, 403 U.S. at 579, 91 S.Ct. at 2080. We believe the fact that the affidavit disclosed the identity of the informant, that it contained declarations against the informant's penal interest, that some factual allegations were independently corroborated by police investigation, and that the informant unconditionally expressed a willingness to testify in criminal court to the facts she alleged, are sufficient to justify a reasonable person to conclude the informant was credible in the case before us.

STALENESS
The search warrant in the instant case was obtained four days after Ms. Lodice *1318 made the observations reported in the affidavit.
In State v. Thompson, 354 So.2d 513 (La.1978), this Court held:
"A search warrant will withstand an attack of `staleness' if the facts contained in the affidavit have not become so attenuated with the passage of time so as to render those supporting facts nonexistent." (354 So.2d at 514-515)
In State v. Brawley, 347 So.2d 238 (La. 1977), an affidavit stated that the defendant had a pistol and a typewriter in his possession, both of which were stolen property. The warrant was issued more than one month after the defendant had come into possession of these items. This Court held that the affidavit was not stale because the items were such that the defendant probably would keep them for personal use and would not have disposed of them prior to the issuance of the search warrant. The search warrant, therefore, was not "stale."
In the present case, Lodice stated that defendants showed her several red and several white capsules, as well as five LSD tablets and an undetermined amount of marijuana in a container. Because of the amount and types of drugs that the informant observed, there is a likelihood that some sort of controlled substance was still present four days later. See State v. Weinberg, 364 So.2d 964 (La.1978), No. 62,434; State v. Chaffin, 324 So.2d 369 (La.1975) (50-day lapse upheld); State v. Flood, 301 So.2d 637 (La.1974) (83-day lapse upheld).
We, therefore, conclude that the information upon which the warrant was issued was not stale at the time the warrant was issued.

ALTERATION
The defendants alleged at the trial level that the police officers changed the street number of the address on the warrant from "611" to "511" after the magistrate had signed the warrant and that the warrant was, therefore, invalid. It is not clear whether defendants have abandoned this claim before this Court, so we shall deal with it briefly.
Defendants' contention is wholly without merit since the testimony of Agent Johnson and that of the Honorable Gerald Hansen, the magistrate who signed the warrant, established that the change was judicially approved. After the warrant was signed, the agents discovered the address error. The incorrect address was "whited out" and the correct one typed in over it. The warrant was then taken back to Judge Hansen and signed again.

DECREE
For the above reasons, the ruling of the district court in sustaining the motion to suppress is reversed and this case is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
The affidavit did not provide sufficient underlying circumstances from which the magistrate reasonably could have concluded that the informant was credible. It is doubtful that Ms. Lodice understood her statement to be against her penal interest. She volunteered information to the police about drugs in the defendant's apartment. Her admission that she smoked one marijuana cigarette is not inculpatory to the same degree as the admission in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). In Harris, an unidentified informant revealed that over the past two years he had purchased illicit whiskey numerous times. The Supreme Court held that these statements were against the informant's penal interest because he had admitted major elements of a crime. However, the majority cautioned that "admissions of crimes do not always lend credibility to contemporaneous or later accusations of another."
Observations made by Justice Harlan in his dissenting opinion in Harris are particularly pertinent to the instant case:
"* * * [W]here the declarant is also a police informant it seems at least as plausible to assume, without further enlightenment either as to the Government's general practice or as to the particular facts of this case that the declarant-confidant at least believed he would receive absolution from prosecution for his confessed crime in return for his statement. (This, of course, would not be *1319 an objection where the declarant is not also the informant. See Spinelli [v. United States], supra, 393 U.S. 410 at 425, 89 S.Ct. 584 at 593-594, [21 L.Ed.2d 637] (White, J., concurring).) Thus, some showing that the informant did not possess illusions of immunity might well be essential." 403 U.S. at 595, 91 S.Ct. at 2087, 29 L.Ed.2d at 740.
Under the facts of this case, it appears very likely that the declarant-confidant believed she would receive absolution from prosecution for her confessed crime in return for her statement and testimony. Thus the main underlying circumstance supporting the magistrate's conclusion that she was credible, i.e., that her statement was trustworthy because it was self-incriminating, was illusory. Without it the other circumstances clearly do not establish her credibility.
NOTES
[*] Dennis, J., would grant a rehearing.
[**] Judge Pike Hall, Jr., Louisiana Court of Appeal, Second Circuit, participated in this decision as an Associate Justice Ad Hoc.