CURRAULT, Judge.
Manuel Hernandez was charged by bill of information with a violation of LSA-R.S. 40:967 (possession with intent to distribute cocaine). On March 29, 1984, defense motion to suppress the evidence was denied. After waiver of his right to jury trial, defendant was tried by Judge Floyd Newlin who found defendant guilty of the lesser included offense of possession of cocaine. After defense counsel waived all sentencing delays, defendant was immediately sentenced to serve eighteen months in Parish prison. Defendant is now before this court on an out-of-time appeal urging only the one assignment filed below, that the record be checked for error patent.
On the evening of February 15, 1984, at approximately 11:00 p.m., Jefferson Parish Deputy Robert Hoobler who was on routine patrol stopped his unit in the rear parking lot of 1000 Scotsdale apartment *38 complex in Harvey, Louisiana, after observing the defendant peeping in the window of apartment 57.[1] He ordered the defendant to halt; but according to the deputy, the defendant turned and came at him screaming. The deputy then ordered defendant’s hands up and began a superficial search for weapons or contraband. When the deputy searched the defendant’s left ankle area, the defendant hit and kicked him. The deputy subdued the defendant, handcuffed him and completed a now more thorough search and found in the defendant’s sock seven packets of cocaine inside a sandwich bag. (The exact amount of cocaine was later determined to be 14 grams.)
Defendant requests the court to examine the record for error patent on its face.
LSA-C.Cr.P. Article 920 provides “[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and without inspection of the evidence.”
The record in a criminal case which may be examined for discoverable error even in the absence of court exceptions and duly assigned errors, includes the caption, the statement of time and place of court, the indictment or information and its endorsement, the arraignment, the plea of the accused, the mentioning of the impaneling of the jury, the verdict, and the judgment, the bill of particulars filed in connection with a short form indictment or information; and, in capital cases, the minute entry indicating that the jury had been sequestered. State v. Oliveaux, 312 So.2d 337 (La.1975).
Following the guidelines delineated in State v. Oliveaux, supra, we have reviewed the record and our examination reveals no error patent.
We therefore affirm defendant’s conviction and sentence.
AFFIRMED.

. It was later discovered (after defendant's arrest and the discovery that he possessed cocaine) that defendant resided at apartment 57.