KLIEBERT, Judge.
The defendant, John E. Kirsch, was convicted of violating LSA-R.S. 40:966(C)— possession of a controlled substance identified as marijuana and sentence to six months in parish prison. He appealed to this court to review the record for errors patent and for sufficiency of the evidence to support the conviction. We affirm the conviction and sentence.
*1296 The defendant was convicted of a misdemeanor and therefore was not entitled to a jury trial or an appeal. See LSA-Const.1974, art. 1, sec. 17, and art. 5, sec. 10(A). The proper method for review is by writ application. LSA-C.Cr.P. 912.1(C). In the interest of judicial economy, however, this court has reviewed these matters in the past and will consider this matter now. See State v. Hansan, 472 So.2d 142 (5th Cir.1985).
Under the standard of review (adopted by the United States Supreme Court) set out in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and followed by the Louisiana Supreme Court in State v. Wright, 445 So.2d 1198 (La.1984), a conviction must be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt.
In the situation involved here, proof of guilty knowledge and intent are needed to support the conviction. State v. Mims, 330 So.2d 905 (La.1976). See State v. Williams, 464 So.2d 822 (5th Cir.1985). The record shows an illegal substance was found on defendant’s person during a search incident to an arrest. This substance was identified by laboratory testing as marijuana. Defendant admitted at trial that the police officers seized marijuana from his shirt pocket. This is sufficient evidence of each element of the crime charged. Therefore, in our view, the trial judge properly found the defendant guilty of possession of marijuana. State v. Knight, 298 So.2d 726 (La.1975); State v. Roach, 322 So.2d 222 (La.1975).
We also examined the record for errors patent. This included examination for discoverable error even in the absence of court exceptions and duly assigned errors, including the caption, the statement of time and place of court, the indictment or information and its endorsement, the arraignment, the plea of the accused, the mentioning of the impaneling of the jury, the verdict, and the judgment, the bill of particulars filed in connection with a short form indictment or information, and in capital cases the minute entry indicating that the jury had been sequestered. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Hernandez, 468 So.2d 37 (5th Cir.1985). We found no errors patent.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.