FORET, Judge.
On August 11, 1987, defendant, Leroy Keno, was charged with possession of codeine, a controlled dangerous substance, with intent to distribute, a violation of La. R.S. 40:967(A), and possession of dextro-propoxyphene, a controlled dangerous substance, with intent to distribute, a violation of La.R.S. 40:969(A). The two counts were consolidated for trial. On September 16, 1987, a jury of twelve unanimously found defendant guilty of possession of codeine and possession of dextropropoxyphene. Defendant was sentenced on October 27, 1987, to three years at hard labor on each conviction, sentences to be served consecutively. Defendant appeals, based on seven assignments of error.
FACTS
On May 13, 1987, a warrant was issued for defendant’s arrest on a charge of simple burglary and theft. Defendant was spotted at the E-Z Shop in Marksville, Louisiana later that day and was arrested and transported to the Marksville Police Department. In order to inventory his personal possessions, he was searched. A plastic bag containing fifty-seven orange tablets and nineteen white tablets were recovered from defendant’s right sock. The orange tablets were later determined to contain dextropropoxyphene, a controlled dangerous substance. The white tablets were Tylenol-3 with codeine, a controlled dangerous substance. In light of these findings, defendant was subsequently charged by separate bills of information with violating R.S. 40:967(A) and R.S. 40:969(A).
TRIAL COURT’S DENIAL OF MOTION TO SUPPRESS
Because we find merit in the third assignment of error, a discussion of the other errors assigned by the defendant on appeal will be unnecessary. In his third assignment of error, defendant contends that the trial court erred in denying his motion to suppress evidence. In this motion, defendant challenges the magistrate’s finding that there was probable cause to support the arrest warrant issued for him. At the hearing on a motion for release from incarceration, Officer Chris Lachney, the police officer who obtained the warrant, testified that the information upon which probable cause was based was obtained from Sims Jackson, Jr. Jackson’s statement supposedly implicated Keno as a party to the burglary and theft of Raymond’s Department Store. At the hearing on the motion to suppress, however, the officer testified that probable cause was based upon information received from a confidential, “very reliable informant” who had provided him with information for several years. He also testified that he had obtained statements from Roger Desselle and Olivia Simmons which further implicated Keno in the burglary.
La.C.Cr.P. art. 202 states, in pertinent part, that:
“A warrant of arrest may be issued by any magistrate, and, except where a summons is issued under Article 209, shall be issued when:
(1) The person making the complaint executes an affidavit specifying, to his best knowledge and belief, the nature, date, and place of the offense, and the name and surname of the offender if known, and of the person injured if there be any; and
(2) The magistrate has probable cause to believe that an offense was committed and that the person against whom the complaint was made committed it.”
As stated in State v. Haynie, 395 So.2d 669 (La.1981):
“The magistrate who issues the warrant must be supplied with facts and circumstances which would reflect probable cause for the issuance of the arrest warrant. The statute cited above does not require that such be incorporated *162 into the affidavit, but may be supplied verbally to the magistrate. If such information reflects the necessary probable cause, the magistrate is authorized to issue the arrest warrant.”
In Haynie, the officer testified at hearing that he had relayed all information which he had obtained during a two-day investigation to the magistrate at the time the warrant was issued. However, the record in the present case does not reflect that any of the information which the officer possessed was relayed to the magistrate. Therefore, even though the present state of the law is that the arrest warrant may be based on facts and circumstances asserted verbally by the officer at the time the warrant is obtained, it appears that the magistrate here only had what was asserted in the affidavit to form any basis for probable cause. State v. Williams, 448 So.2d 659 (La.1984); Haynie, supra.
The affidavit by the officer recites no facts or circumstances in support of the officer’s complaint that Leroy Keno, in fact, burglarized Raymond’s Department Store on May 11, 1987. It therefore seems that the magistrate was not supplied with facts and circumstances which would reflect probable cause for the issuance of the arrest warrant, thus rendering the warrant invalid. However, even though an arrest warrant may be invalid, it has been held that an arrest based on such a warrant may still be valid if there was probable cause to believe that a crime had been committed. “An arrest, based upon such probable cause, is a valid arrest whether a valid warrant had been issued or not.” State v. Allen, 450 So.2d 1378 (La.App. 1 Cir.1984); reversed in part on other grounds, 457 So.2d 1183 (La.1984). Therefore, regardless of the validity of the warrant, it must be decided whether or not the officers had probable cause at the time of defendant’s arrest to believe that Keno had committed a crime. As noted earlier, Officer Lachney, whose investigation of the burglary of Raymond’s Department Store resulted in defendant’s arrest, stated three different bases for his belief that the necessary probable cause existed to arrest defendant: 1) Unspecified information received from a confidential informant; 2) A statement given by Sims Jackson, Jr. (that he and defendant committed the burglary); and 3) Statements given by Roger Deselle and Olivia Simmons (that defendant inquired about a place for storing clothing and other items a couple of days before the burglary).
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court abandoned the strict, two-pronged test previously used in evaluating whether or not information given by a confidential informant is sufficient to establish probable cause. The two-prong test, which was developed in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), prohibited a finding of probable cause based upon information given by a confidential informant unless both the “veracity,” or “reliability,” and the “basis of knowledge” of the informant could be shown. Although the “totality of the circumstances” test, as adopted in Gates, allows other factors to offset any weakness as to veracity, reliability, or basis of knowledge, these continue to “be highly relevant in determining probable cause.” State v. Lewis, 442 So.2d 1159 (La.App. 3 Cir.1983), writ denied, 444 So.2d 1214 (La.1984).
At the hearing on defendant’s motion for a post-verdict judgment of acquittal, the trial court ruled that the requirements of Gates did not apply to the case at bar, as Gates was concerned with a search warrant and the current case involves an arrest warrant. It is true that some differences do exist between the requirements of the two, such as the fact that the “four corners” rule does not apply to arrest warrants. State v. Cook, 404 So.2d 1210 (La.1981). However, the standard for determining whether or not probable cause exists does not vary from one type of warrant to another. This is evidenced by pre-Gates cases which used the rationale of Aguilar and Spinelli in determining if probable cause existed in an arrest warrant situation. See State v. Cook, supra. Gates *163 simply abandoned the strict, two-prónged test in favor of the more flexible totality of the circumstances test. It did not distinguish between arrest and search warrants. This is further shown by the fact that the Gates rationale has been used in deciding the existence of probable cause in cases where warrantless arrests were based on information obtained from confidential informants. State v. Raheem, 464 So.2d 293 (La.1985). Therefore, the trial judge erred when he held that the information obtained from the informant could be considered in determining the existence of probable cause without first applying the Gates test discussed hereinabove.
Turning now to the facts of the instant case, the record herein provides no testimony from which it could have been determined at trial that the information provided by the confidential informant was trustworthy. The court, at the motion to suppress hearing, did not allow the defendant to question Officer Lachney about the informant. The record is therefore devoid of any evidence as to the veracity or reliability of the informant. The State failed to establish whether any arrests or convictions ever resulted from information supplied from this informant. There was no testimony as to what the basis of this information may have been. In addition, no evidence was produced as to what the informant actually said to Lachney, making it impossible to determine whether or not this information corroborated other facts determined by the officer’s investigation. Therefore, the record is devoid of any information from which it could be determined that the information was sufficiently trustworthy.
Although the confidential informant was not the only source of information upon which Lachney determined that probable cause existed, the remainder of the information provided seems to fall short of establishing probable cause. Officer Lach-ney testified that he did not obtain the statement from Sims Jackson, Jr. that Keno was a party to the burglary until sometime after the arrest warrant was issued. It is, therefore, unknown whether or not the officer had this information at the time of arrest. The only remaining information which Lachney had to use in his determination of probable cause was the statements given to him by Roger Des-selles and Olivia Simmons. These statements were to the effect that Keno had asked the two, prior to the burglary, if he could “store some clothing and other items” in their house. No indication was given that these articles were to be the result of a burglary or a theft. It seems, therefore, that this statement falls short of establishing probable cause to believe that Keno committed burglary and theft. In addition, both Desselle and Simmons have fairly lengthy arrest records, which tends to decrease the reliability of any information supplied by them.
Based upon the evidence of record, we must conclude that the State lacked probable cause to arrest the defendant on charges of burglary and theft. This being the case, it is clear that the drugs seized in connection with this arrest should not have been admitted into evidence at trial. Thus, the trial court erred in denying defendant’s motion to suppress.
Accordingly, defendant’s convictions and sentences are reversed, and this matter is remanded to the trial court for further proceedings consistent with the findings hereinabove expressed.
REVERSED AND REMANDED.