644 So.2d 674 (1994)
Ira Dean REESE, II
v.
CITY OF BATON ROUGE.
No. 93 CA 1957.
Court of Appeal of Louisiana, First Circuit.
October 7, 1994.
*675 Kevin Patrick Monahan, Baton Rouge, for plaintiff-appellee Ira Dean Reese, II.
W. George Bayhi, Baton Rouge, for defendant-appellant City of Baton Rouge.
Before EDWARDS, LeBLANC and PITCHER, JJ.
PITCHER, Judge.
Defendant, the City of Baton Rouge, has appealed from the trial court's grant of a motion for summary judgment in favor of Ira Dean Reese, II (plaintiff). We reverse and remand.

FACTS
On October 30, 1987, plaintiff was driving a 1987 Chevrolet pick-up truck in the 3600 block of South Sherwood Forest Boulevard in Baton Rouge. The City of Baton Rouge had set up a DWI sobriety roadblock (or checkpoint) in this area. Plaintiff's vehicle was stopped, and plaintiff was ordered out of his vehicle. Upon coming into contact with plaintiff, the investigating officer smelled alcohol on his breath, and noticed that plaintiff's eyes were red. The investigating officer also observed that plaintiff could not retain his balance. A field sobriety test was then administered to plaintiff. Thereafter, plaintiff was transported to a van to submit to a chemical test to determine if he was intoxicated.
Plaintiff was subsequently arrested and charged with driving while intoxicated, a violation of Baton Rouge City Ordinance 11:140. Subsequently, the prosecution was dismissed on June 1, 1988.[1]
Plaintiff filed suit against the City of Baton Rouge, alleging that the City was liable for damages sustained by plaintiff for his false imprisonment and malicious prosecution. Plaintiff claimed that the sobriety roadblock effectuated by the City was unconstitutional.
Thereafter, plaintiff filed a motion for summary judgment on the issue of liability based on the fact that sobriety checkpoints, similar to the one conducted in the case at hand, had been declared unconstitutional by the Louisiana Supreme Court. The motion for summary judgment was granted by the trial court. The City has appealed from this adverse judgment.

SUMMARY JUDGMENT
It is well settled that the granting of a summary judgment is proper only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the mover is *676 entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Lewis v. Diamond Services Corporation, 637 So.2d 825, 828 (La. App. 1st Cir.1994). The burden is upon the mover for summary judgment to show that no genuine issues of material fact exist, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Ledet v. Quality Shipyards, Inc., 615 So.2d 990, 992 (La.App. 1st Cir. 1993).
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover. In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. O'Quinn v. Power House Services, Inc., 633 So.2d 707, 710 (La.App. 1st Cir.1993).
An action for malicious prosecution in a criminal proceeding lies in all cases where there is a concurrence of the following elements: (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. Miller v. East Baton Rouge Parish Sheriff's Department, 511 So.2d 446, 452 (La.1987); Jones v. Soileau, 448 So.2d 1268, 1271 (La.1984).
Malice may be inferred from the lack of probable cause or inferred from a finding that the defendant acted in reckless disregard of the other person's rights. Miller v. East Baton Rouge Parish Sheriff's Department, 511 So.2d at 453; Jones v. Soileau, 448 So.2d at 1273.
The tort of false imprisonment has two essential elements: (1) detention of a person; and (2) the unlawfulness of such detention. Brown v. Rougon, 552 So.2d 1052, 1055 (La.App. 1st Cir.1989), writ denied, 559 So.2d 121 (La.1990). Unlawful detention is restraint without color of legal authority. Kyle v. City of New Orleans, 353 So.2d 969, 971 (La.1977). Thus, if an arrest is made either without any legal process or warrant or under a warrant void and null upon its face, a false imprisonment has occurred. O'Conner v. Hammond Police Department, 439 So.2d 558, 560 (La.App. 1st Cir.1983). However, if a person is arrested pursuant to statutory authority, there is no liability for damages for false imprisonment. Kyle v. City of New Orleans, 353 So.2d at 971. The burden is on a plaintiff to prove that the arrest was made without color of legal authority. Cerna v. Rhodes, 341 So.2d 1157, 1160 (La.App. 1st Cir.1976), writ denied, 343 So.2d 1067 (La.1977).
In its oral reasons for judgment, the trial court stated:
... I have reviewed the Church case and other jurisprudential checkpoint cases. This court is of the opinion that irrespective of when the ruling was made as to the constitutionality, the Constitution itself was enacted in 1974, and it has long since been held that the Louisiana Constitution grants greater rights than the United States Constitution with respect to privacy....
In State v. Church, 538 So.2d 993 (La. 1989), the Louisiana Supreme Court determined that motor vehicle sobriety checkpoint stops, without reasonable suspicion or probable cause, were unconstitutional under Article I, Section 5 of the Louisiana Constitution.
In plaintiff's claim for malicious prosecution, there is no question concerning proof of the first three of the elements. However, we conclude that there are genuine issues of material fact as to whether the City had probable cause to charge plaintiff with driving while intoxicated.
Probable cause for arrest exists when facts and circumstances within the knowledge of the arresting officer and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. (Citations omitted)
Miller v. East Baton Rouge Parish Sheriff's Department, 511 So.2d at 452. The crucial *677 determination in regard to the absence of probable cause is whether the defendant had an honest and reasonable belief in the guilt of the plaintiff at the time charges were pressed. Brimmer v. A. Copeland Enterprises, Inc., 609 So.2d 847, 848 (La.App. 5th Cir.1992), writ denied, 616 So.2d 682 (La. 1993).
The fact that the Louisiana Supreme Court determined in 1989 that motor vehicle sobriety checkpoints were unconstitutional does not address the absence of probable cause for this arrest in 1987. Also, the prosecution against plaintiff was dismissed on June 1, 1988; the Louisiana Supreme Court rendered the Church decision on January 30, 1989. Thus, the defendant may have had an honest and reasonable belief that motor vehicle sobriety checkpoints were constitutional.
Moreover, since there is a genuine issue of material fact as to whether the City lacked probable cause, there could also be a question as to whether this resulted from a reckless disregard of the rights of plaintiff, such that the required element of malice would be inferred.
The existence of a genuine issue of material fact as to whether the City lacked probable cause also precludes summary judgment for plaintiff's false imprisonment claim. A peace officer may lawfully arrest a person without a warrant when he has reasonable (probable) cause to believe that the person to be arrested has committed an offense. LSA-C.Cr.P. art. 213; Brown v. Rougon, 552 So.2d at 1056. Again, because plaintiff failed to establish that defendant lacked probable cause to arrest him, as required in LSA-C.Cr.P. art. 213, summary judgment is inappropriate.
Thus, the trial court erred in granting plaintiff's motion for summary judgment.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting plaintiff's motion for summary judgment is reversed and the case is remanded for further proceedings. Costs of this appeal are assessed against the plaintiff.
REVERSED AND REMANDED.
NOTES
[1] There was an admission by the City of Baton Rouge that plaintiff had originally pled guilty to this charge, but the charge was later amended to reckless operation, a violation of Baton Rouge City Ordinance Title 11:142. The City also admitted that plaintiff pled guilty to this amended charge on January 20, 1988.