762 So.2d 641 (2000)
Troy Noah DEVILLE and Rachel Deville
v.
JEFFERSON PARISH SHERIFF'S DEPARTMENT, et al.
No. 99-1629.
Court of Appeal of Louisiana, Third Circuit.
May 3, 2000.
Writ Denied August 31, 2000.
Trent Brignac, J. Wendel Fusilier & Trent Brignac, Ville Platte, Counsel for PlaintiffsAppellees.
Daniel R. Martiny, Martiny & Caracci, Metairie, Counsel for DefendantsAppellants.
Gerald Joseph Nielsen, Council for Louisiana Municipal Association, Louisiana Association of Chiefs of Police (amicus curiae).
(Court composed of, JOHN D. SAUNDERS, JIMMIE C. PETERS and MICHAEL G. SULLIVAN, Judges).
SAUNDERS, Judge.
This matter arises from an alleged false arrest/false imprisonment claim brought by a plaintiff who was arrested by the Evangeline Parish Sheriff's Office on August 6, 1996, and subsequently transferred to the Jefferson Parish Correctional Center where he was held until August 9, 1996. The arrest and detention were made pursuant to a valid warrant issued at the request of the Jefferson Parish Sheriff's Department. The plaintiff brought suit under state and federal law for wrongful arrest and false imprisonment, against Sheriff Harry Lee and the Jefferson Parish Sheriff's Office. From the trial judge's ruling in favor of the plaintiff, awarding him $27,500.00 in general damages and *642 awarding the plaintiff's wife $1,500.00 for loss of consortium, Sheriff Harry Lee brings this appeal. We reverse.

FACTS
The record indicates that the following factual information was stipulated to in court:
On July 4, 1996, the Archbishop Shaw High School in Marrero, Louisiana was burglarized. From the crime scene, an investigation by the Jefferson Parish Sheriff's Office, hereinafter "J.P.S.O.," revealed a latent fingerprint. Sergeant Patricia Lusk of the J.P.S.O. entered the fingerprint into the Automated Fingerprint Identification System, "A.F.I.S.," in hopes of identifying the print. The A.F.I.S. identified the maker of the print to be Troy N. Deville, hereinafter "Plaintiff." Corporal Adam Clouate headed the investigation of the burglary and, on August 1, 1996, asked Sergeant Lusk to verify that the fingerprint lifted from the high school was identified by the A.F.I.S. as belonging to Plaintiff. The print was rechecked and the same result was reached. A background check was run on Plaintiff, and it was discovered that Plaintiff had been arrested and convicted on two DWI charges and two possession of marijuana charges between 1984 and 1985.
On August 5, 1996, Corporal Clouate contacted Sergeant Lusk again, informed her that he was seeking an arrest warrant for Plaintiff and sought to re-verify that the print matched the print on file that belonged to Plaintiff. That same day, Vernon Wilty, Justice of the Peace, reviewed the affidavit prepared by Corporal Clouate and issued a warrant for the arrest of Plaintiff, a copy of which was faxed to Captain Demourelle in Ville Platte, Louisiana. On August 6, 1996, Plaintiff was picked up at his home and placed in detention in Ville Platte; on August 8, 1996, Corporal Clouate, along with Sergeant Jerry Stapler, drove to Ville Platte to execute the warrant. Plaintiff was advised of his constitutional rights; he waived his rights and denied any participation in the burglary at Shaw High School. After a search of Plaintiff's home revealed nothing to link him to the burglary in question, he was then transported from Ville Platte to the J.P.S.O. in Gretna; he was admitted into the Jefferson Parish Correctional Center in Gretna where he was booked and fingerprinted. On August 9, 1996, Plaintiff's fingerprints were compared with the print lifted from the scene of the crime, and it was discovered that the two fingerprints did not match. By 11:00 a.m. of that same morning, Plaintiff left the correctional center and he arrived home in Ville Platte sometime that afternoon.

LAW AND ANALYSIS
Sheriff Harry Lee of the J.P.S.O., hereinafter "Defendant," brings this appeal asserting several assignments of error, particularly that the trial court erred in its finding that Plaintiff was wrongfully arrested and imprisoned and that Defendant was liable under 42 U.S.C. § 1983.
The Louisiana Constitution grants to appellate courts the power to review both law and facts. La. Const. art. V, § 10B. "It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is `clearly wrong.'" Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Ferrell v. Fireman's Fund Ins. Co., 94-1252, p. 7 (La.2/20/95); 650 So.2d 742, 747, provides:
Where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence.
Defendant cites a litany of jurisprudence declaring that a valid arrest warrant is a shield against police liability. We agree that this issue is well-settled. A review of the record indicates the trial judge erroneously *643 concluded that Plaintiff was the victim of false imprisonment and a wrongful arrest. Reese v. City of Baton Rouge, 93-1957, p. 4 (La.App. 1 Cir. 10/7/94); 644 So.2d 674, 676, provides:
The tort of false imprisonment has two essential elements: (1) detention of a person, and (2) the unlawfulness of such detention. Unlawful detention is restraint without color of legal authority. Thus, if an arrest is made either without any legal process or warrant or under a warrant void and null upon its face, a false imprisonment has occurred.
In Edmond v. Hairford, 539 So.2d 815, 817 (La.App. 3 Cir.1989), this court explained, "[i]n a `false imprisonment,' the arrest is made either without any legal process or warrant or under a warrant null and void on its face...." Making the distinction between malicious prosecution and false imprisonment, in Winn v. City of Alexandria, 96-492, p. 4 (La.App. 3 Cir. 11/20/96); 685 So.2d 281, 283, we stated the following:
[W]hile an action for malicious prosecution may be brought where an individual is aggrieved by the consequences that flow from the governing authority's having obtained a facially valid arrest warrant, the same cannot be said of a claim for false arrest or imprisonment, even where a peace officer's statements giving rise to an arrest warrant are proven to be untrue.
This court has recognized that even where an arrest warrant is found invalid, an arrest based on such a warrant may be valid where probable cause exists that a crime has been committed. State v. Keno, 534 So.2d 160 (La.App. 3 Cir.1988), writ denied, 540 So.2d 338 (La.1989). Ignoring the clear historical mandate of a valid warrant protecting officers from tortious liability, the trial judge provided the following explanation for his judgment:
This court finds as a fact, as well as a matter of law, that the defendant has committed the tort of wrongful arrest, false imprisonment in violation of civil rights upon the person of the Plaintiff Deville among other violations of his rights.
The reason that Sheriff Lee is liable to Deville is because his deputy fed a fingerprint into Sheriff Lee's computer system and got back an erroneous reading from the Sheriff's computer and upon this erroneous information swore out an affidavit against Plaintiff Deville and a Justice of the Peace named Vernon Wilty issued a warrant for his arrest.
. . . .
The warrant issued by Justice of the Peace Wilty was based upon false information furnished by the defendant and was null, void, invalid and of no consequence because it lacked a foundation. It was a useless piece of paper causing Plaintiff Deville to suffer consequences.
The warrant for the Plaintiff's arrest was, without dispute, valid on its face. While we acknowledge the misfortune suffered by Plaintiff in this matter[1], the time-tested policy reasons for shielding police officers from liability stemming from their actions based on facially valid warrants or pursuant to statutory authority must prevail. Hence, we find Plaintiff has no action under La.Civ.Code art. 2315.
We pretermit discussion of any further grounds for Plaintiff's claim in light of Plaintiff's admission as per his Supplemental *644 Brief that federal law grants him no relief.

CONCLUSION
For the foregoing reasons, we find the actions of Defendant were protected by a valid arrest warrant. Accordingly, we reverse the trial court's judgment awarding Plaintiff $25,000.00 in general damages and we reverse the trial court's award of $1,500.00 to Rachel Deville for loss of consortium.
REVERSED.
NOTES
[1] This arrest should never have taken place. Defendant could have asked the Evangeline Parish Sheriff's Office to obtain fingerprints from Plaintiff, and with minimum cooperation between these agencies, the entire fiasco could have been avoided. That no such effort was made is unconscionable. That it caused great suffering and embarrassment to Plaintiff is all too clear to this court. If there were ever a case that called for an exception to the immunity granted to police officers who make an arrest based on a valid warrantthis is the case. Our jurisprudence, at this juncture, contains no such exception. The time may have arrived that such an exception should be carved into our law. If this is so, the proper sculptor for this work is our brethren on the supreme court.