NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 08-1417


ASHLEY PYATT

VERSUS

CALCASIEU PARISH SHERIFF'S OFFICE, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2002-1758
HONORABLE R. RICHARD BRYANT, JR., DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


BILLY HOWARD EZELL
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy Howard Ezell,
Judges.


**AFFIRMED.**


**Robert C. McCorquodale**
**In House Counsel**
**P. O. Box 2185**
**Lake Charles, LA 70602**
**(337) 491-3722**
**Counsel for Defendant/Appellee:**
**Calcasieu Parish Sheriff's Office**

**John Ezell Jackson**
**Attorney at Law**
**P. O. Box 1239**
**Lake Charles, LA 70602**
**(337) 433-8866**
**Counsel for Plaintiff/Appellant:**
**Ashley Pyatt**

**EZELL, JUDGE.**

In this matter, Ashley Pyatt appeals the decision of the trial court granting summary judgment in favor of the Calcasieu Parish Sheriff's Office (CPSO). For the following reasons, we affirm the decision of the trial court.

On March 22, 1999, the CPSO received a complaint that Mr. Pyatt had inappropriate sexual contact with a juvenile. He was arrested and sought bail. After seeking to reach the on-duty order writing judge, Judge Patricia Minaldi, in vain, counsel for Mr. Pyatt contacted Judge Mike Canaday in order to set bail. Meanwhile, officers with the CPSO reached Judge Minaldi and she signed a bond in the amount of $200,000. Not knowing that Judge Minaldi had issued the order, Judge Canaday issued a bond in the amount of $10,000. The lower amount was paid, and Mr. Pyatt was released. Upon learning of the invalid second bond and release of Mr. Pyatt, Judge Minaldi ordered him to be rearrested until he paid the initial, higher amount. Because the first amount was higher, Mr. Pyatt spent several weeks in jail until he could pay the bond.

In April of 2001, a mandamus hearing was held by Judge Al Gray to determine which bond would be controlling. During this hearing, Mr. Pyatt stipulated that Judge Minaldi's order was first. Judge Canaday confirmed that when he learned of this fact, he withdrew his bond. Judge Gray ruled that, because of an agreement between the judges of the Fourteenth Judicial District that a first bond would be controlling, Judge Minaldi's bond was, in fact, proper. Mr. Pyatt did not appeal this decision and, thus, it is controlling in this matter.

Mr. Pyatt then filed the current suit on April 5, 2002, alleging improper arrest and false imprisonment arising from the second arrest. The CPSO filed a motion for summary judgment which was granted by the trial court. Mr. Pyatt appeals from that

1

decision, asserting six assignments of error. He claims that the trial court erred in not striking the affidavits of Judge Minaldi and the arresting officer; in relying on those for his decision; in ruling that the CPSO had qualified immunity; in finding no bad faith on the part of the arresting officer; in finding no genuine issue of material fact; and in not allowing additional discovery.

We will first address the assignment of error concerning discovery. A trial court has broad discretion in discovery matters, including the right to refuse or limit discovery of matters that are not relevant to the issues. *Ward v. Tenneco Oil Co.*, 564 So.2d 814 (La.App. 3 Cir.1990). The trial court's discretion in such matters will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Moak v. Illinois Cent. R.R. Co.*, 93-0783 (La. 1/14/94), 631 So.2d 401.

Mr. Pyatt claims that he should have been allowed further discovery so that he could delve into any possibility that CPSO deputies intentionally misled Judge Minaldi in issuing the arrest warrant and bond. However, Mr. Pyatt does not raise any allegations of intentional misconduct in his petition, but rather, only negligence. More importantly, Mr. Pyatt filed this lawsuit in April of 2002. The motion for summary judgment was filed by the CPSO in January of 2008. The notion that any additional time could be needed for discovery in this matter borders on frivolity. The trial court did not abuse its discretion. There is no merit whatsoever in this assignment of error.

We will next address Mr. Pyatt's claim that the trial court erred in finding no genuine issue of material fact. An appellate court reviews judgments granting a motion for summary judgment using a de novo standard of review. *Gray v. Am. Nat. Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839. A trial court shall grant summary judgment if "the pleadings, depositions, answers to interrogatories, and

2

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Article 966(C)(2) provides that:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

*Reese v. City of Baton Rouge*, 93-1957, p. 4 (La.App. 1 Cir. 10/7/94), 644 So.2d 674, 676 (citations omitted), provides:

> The tort of false imprisonment has two essential elements: (1) detention of a person, and (2) the unlawfulness of such detention. Unlawful detention is restraint without color of legal authority. Thus, if an arrest is made either without any legal process or warrant or under a warrant void and null upon its face, a false imprisonment has occurred.

It is well-settled that a valid arrest warrant is a shield against police liability from wrongful arrest or imprisonment. *Deville v. Jefferson Parish Sheriff's Dep't*, 99-1629 (La.App. 3 Cir. 5/3/00), 762 So.2d 641, writ denied, 00-1589 (La. 8/31/00), 766 So.2d 1281.

In this matter, Mr. Pyatt does not challenge his first arrest, but rather his re-arrest after being mistakenly released on the Judge Canaday issued bond. However, in the 2001 mandamus hearing, Judge Gray determined that the Judge Minaldi bond was correct. Mr. Pyatt did not appeal this finding and thus, it has become res judicata in this matter. Even more importantly, the ruling in that matter was based on the fact that Mr. Pyatt himself stipulated that the Judge Minaldi bond was issued first. Despite his attempts in this appeal to ignore this fact, he can not validly contest what he has himself admitted to. Judge Minaldi's order was controlling under the rules of

3

the Fourteenth JDC. Accordingly, Mr. Pyatt had been released under an invalid bond. Again, if he had issue with this finding, he should have appealed Judge Gray's 2001 decision. His re-arrest to fulfill the orders of the original, controlling bond does not constitute unlawful detention. If anything, Mr. Pyatt enjoyed a few hours of freedom he was not entitled to. Moreover, Mr. Pyatt does not state in brief any fact whatsoever he feels is a genuine issue of material fact that would necessitate a trial in this matter. There is no error in the trial court's finding that there are no genuine issue of material fact in this case, and the CPSO is entitled to summary judgment as a matter of law.

Our findings on the issue above render the remaining assignments of error asserted by Mr. Pyatt moot and, accordingly, we need not address them. The decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Mr. Pyatt.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Uniform Rules, Court of Appeals.